# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**TONYA DURDEN and MICHAEL PUSKAS, as co-personal representatives of the estate of CIARA PUSKAS,**

**Plaintiffs,**

**-vs-** **Case No. 6:12-cv-866-Orl-31KRS**

**JON MICHAEL DICKENS,**

**Defendant.**

---

# ORDER

This matter comes before the Court on the Plaintiffs' Motion to Remand (Doc. 9) and the response in opposition (Doc. 16) filed by the Defendant.

**I. Background**

This suit grows out of a boating accident that occurred on May 24, 2009 on Lake George. Ciara Puskas ("Puskas") was a passenger on a 20' Sea Ray that capsized in bad weather, trapping her and several other people in the boat's overturned cabin. A nearby Coast Guard vessel and two privately owned vessels took part in rescue efforts, eventually righting the Sea Ray and saving several of the passengers. However, Puskas and two other children died as a result of the accident.

The owners of the two privately owned vessels filed a limitation action[1] in this Court on October 25, 2010. The Plaintiffs in this case, also in their capacities as co-personal representatives of the estate of Ciara Puskas, filed a claim in the limitation action on January 28, 2011. (Doc. 18

---

[1]Case No. 6:10-cv-1576-Orl-31GJK.

in Case No. 6:10-cv-1576-Orl-31GJK). The Defendant in this case, Jon Dickens ("Dickens") was the captain of one of the two privately owned vessels. The instant case was filed in state court on May 18, 2012 and removed to this Court on June 8, 2012.

In the Complaint (Doc. 2), the Plaintiffs allege that Dickens "effectively took over" control of the accident scene from the Coast Guard and then engaged in multiple negligent efforts to rescue the trapped passengers, leading to Puskas's death. (Doc. 2 at 2-3). Among other things, the Plaintiffs allege that Dickens "[f]ailed to have a tow line to right the Sea Ray attached to a sturdy pulling point such as a secure cleat rather than a breakable handrail," "[f]ailed to check under the capsized boat before attempting to turn it over to determine if the occupants could be removed without the need to turn the vessel over," and "[w]orsened the trapped occupants' situation by disturbing the stability of the air pocket which allowed them to breathe". (Doc. 2 at 4-5).

## II. Analysis

Section 1441(b) of Title 28 permits a defendant to remove any civil action "founded on a claim or right arising under the ... laws of the United States." Generally speaking, such "arising under" jurisdiction is found where the plaintiff's well-pleaded complaint raises issues of federal law. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). In his notice of removal (Doc. 1), Dickens asserts that the removal was proper because this court possesses federal question jurisdiction pursuant to 28 U.S.C. § 1331. In support of this contention, Dickens notes that the Plaintiffs allege in the Complaint that

> [a]s a licensed Captain, the Defendant ... had a duty pursuant to law to provide assistance at sea pursuant to the Navigation Rules, International and Inland, Title 46 USC Sect. 2301, *et seq*. That said duty is non-delegable and extended to Ciara Puskas, who is within the class said duties are intended to protect.

(Doc. 2 at 4). Dickens asserts that this passage establishes that the complaint is based on federal law, and therefore removal was proper.

As an initial matter, it is not clear which federal law or laws the Plaintiffs intended to reference in the quoted passage. The "International and Inland Navigation Rules" to which the Plaintiffs apparently refer appear at 33 U.S.C. §§ 1601-1608, 2001-2038, while Chapter 23 of Title 46 governs operation of vessels on United States waters (and Section 2304 of that chapter details a duty to provide assistance at sea). Perhaps the Plaintiffs intended to refer to the former, the latter, or both. Whatever the case may have been, a mere reference to federal law is not enough to establish federal question jurisdiction. Generally speaking, a case "arises under" federal law where federal law creates the cause of action or where a substantial disputed issue of federal law is a necessary element of a state law claim. *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 9-10 (1991). Based on a review of the Complaint, the Plaintiffs are proceeding under general negligence principles rather than a cause of action set forth in either of the cited sections of the federal statutes. And there is no suggestion in the Complaint or in the Defendant's papers that the Court would be required to interpret those federal laws (or any others) to resolve the Plaintiffs' negligence claim. Accordingly, the Defendant has failed to show that removal of this matter was authorized by 28 U.S.C. § 1441(d).

The Defendant also argues that removal was proper under 28 U.S.C. 1442(a)(1), which authorizes the removal to federal court of a civil action commenced in state court against persons acting in the course of their employment by or on behalf of the United States. Specifically, the statue provides in pertinent part that:

> (a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) **The United States** or any agency thereof **or any officer** (**or any person acting under that officer**) of the United States or **of any agency thereof**, **in an official or individual capacity, for or relating to any act under color of such office** or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1) (emphasis added).

Section 1442 provides an exception to the jurisdictional requirement that the federal question appear on the face of a well-pleaded complaint. *Jefferson County, Ala. v. Acker*, 527 U.S. 423, 431 (1999). To justify removal pursuant to Section1442(a)(1), however, it is not sufficient that the federal officers (or persons acting under those officers) be acting within the course and scope of the officers' duty during the incident at issue. Rather, removal pursuant to Section 1442(a) must be predicated upon an averment of a federal defense. *Mesa v. California*, 489 U.S. 121, 134-35 (1989) (holding that United States Postal Service employees could not remove criminal prosecutions brought against them for traffic violations committed while on duty, in the absence of a federal defense). *See also Russell v. U.S. Dept. of Housing and Urban Development*, 214 F.Supp.2d 933 (W.D.Ark. 2002) (in case involving failed purchase of real estate from HUD, permitting removal where defendant raised defense that federal government is not subject to specific performance) *and Jefferson County v. Acker*, 137 F.3d 1314 (11th Cir. 1998) (permitting removal of case involving effort to collect privilege tax from federal judges, who argued that such a tax violated the federal doctrine of intergovernmental tax immunity), *rev'd on other grounds*, *Jefferson County, Ala. v. Acker*, 527 U.S. 423 (1999).

> Section 1442(a), in our view, is a pure jurisdictional statute, seeking to do nothing more than grant district court jurisdiction over cases in which a federal officer is a defendant. Section 1442(a), therefore, cannot independently support Art. III "arising under" jurisdiction. Rather, it is the raising of a federal question in the officer's removal petition that constitutes the federal law under which the action against the federal officer arises for Art. III purposes. The removal statute itself merely serves to overcome the "well-pleaded complaint" rule which would otherwise preclude removal even if a federal defense were alleged.

*Mesa*, 489 U.S. at 136-37. Dickens argues only that removal is justified because he was working at the direction of the Coast Guard during the rescue; he does not argue that he intends to assert a federal defense, and the notice of removal does not include such a defense. As such, removal of this matter was not authorized under 28 U.S.C. § 1442(a).

Dickens also points out that, by all appearances, the Plaintiffs have impermissibly split their claim by filing suit against him in state court when they are already suing the owner of his vessel in federal court, seeking to hold the owner liable for Dickens's conduct. *See generally Hard Rock Café Intern. (USA) v. American Horse, Inc.*, 2012 WL 503881 (M.D.Fla. 2012). In their papers, the Plaintiffs offer no justification for going to state court to file a second suit – although the August 31, 2011 expiration of the deadline for adding parties to the limitation action suggests an explanation. Whatever the reason might have been, and though this claim splitting may provide a basis for dismissal in state court, it does not provide a basis for removal.

Finally, the Plaintiffs seek an award of attorney's fees pursuant to 28 U.S.C. § 1447(c). Although the Court ultimately sides with the Plaintiffs on the merits, given the ambiguity of the complaint (which included a number of citations to federal law), the Court finds that the removal was not so unfounded as to warrant fees. Accordingly, the request will be denied.

In consideration of the foregoing, it is hereby

**ORDERED** that Motion to Remand (Doc. 9) is **GRANTED IN PART** and **DENIED IN PART**. This case is remanded to the Circuit Court of the Seventh Judicial Circuit, in and for Volusia County, Florida. In all other respects, the motion is denied. The Clerk is directed to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 13, 2012.

**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party